541 F.2d 277
 17 Fair Empl.Prac.Cas. 1129,
12 Empl. Prac. Dec. P 11,182
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John A. Golden, Jr., Appellant
v.
Rear Admiral V.A. Lascara, SC U.S.N., et al., Appellees.
 No. 75-2217.
 United States Court of Appeals, Fourth Circuit.
 Sept. 17, 1976.
 
 1
 Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and KUNZIG*, Associate Judge.
 
 PER CURIAM
 
 2
 John Golden, a black government employee, brought a private employment discrimination action, contending that in retaliation for his prior participation in filing racial discrimination complaints, he was not promoted to a higher position at the Naval Supply Center in Williamsburg, Virginia. The position was given to another black employee, and there was substantial participation by other blacks in the selection process. Later, after exhausting his remedies administratively, he amended his original complaint to include allegations of class discrimination. The district court dismissed the complaint.
 
 
 3
 On appeal, Golden first argues that the district court's findings on his individual discrimination complaint were clearly erroneous. The evidence before the district court disclosed that black employees fully participated in the selection process and failed to show that anyone involved in screening the applicants was improperly motivated or influenced. The promotion, of course, went to another black who also had been something of a racial activist. For these reasons, we hold that the factual findings of the district court are fully supported in the record.
 
 
 4
 Golden also complains that the district court erred in its refusal to certify his complaint as a class action. Although the court gave no reason for refusing to certify the class, we think the court could have given a number of reasons. Golden sought to represent the class of all blacks, denied promotion on the basis of their race and their active participation in seeking equal rights for other blacks. There was, of course, no evidence that Golden himself suffered discrimination because of his color or racial activism. This fact alone would defeat certification. In addition, Golden did not show that either he or the class he sought to represent met the prerequisites for certification as outlined in Federal Rule of Civil Procedure 23. Therefore, this contention, too, is meritless.
 
 
 5
 Finally, Golden asserts that the district court erred by denying him a broad range of discovery. The scope of discovery ordered by the district court made available to Golden an abundance of statistical and other relevant information. Consequently, we find that the district court did not abuse its discretion in this regard.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 7
 Affirmed.
 
 
 
 *
 Associate Judge for the U.S. Court of Claims, Sitting by Designation